UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Labon DeCarlo Gray, ) | C/A No.  3:08-4097-HFF-JRM |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| ) | |
| Ryan McLemore, Officer; ) | |
| Lancaster County Sheriffs Dept.; and ) | |
| Solicitors Office, ) | |
| ) | |
| Defendants. ) | |

Labon DeCarlo Gray (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.[1] Plaintiff challenges his June 17, 2008 arrest by the Defendants and resulting prosecution. Plaintiff seeks damages and injunctive relief. This complaint should be dismissed because it fails to state a claim cognizable in this Court.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

**Discussion**

Plaintiff alleges that he was falsely charged/arrested and is being maliciously prosecuted by the Defendants. Plaintiff's complaint indicates that the instant case "continues with his allegations," raised in Case Action Number (C/A No.) 3:08-2543-HFF-JRM, of being harassed and falsely jailed.[2] As in C/A No. 08-2543, Plaintiff states that he was arrested on June 17, 2008, and provides three arrest warrant numbers corresponding to that date. Plaintiff seeks reimbursement of his bond, reimbursement for lost wages, and dismissal of his warrants.

As an initial matter, the Defendant Solicitors Office is immune from suit under 42 U.S.C. § 1983. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST. Art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). Plaintiff's claims against Defendant Solicitors Office stem from the prosecution of his pending state criminal charges. Thus, Plaintiff's claims against Defendant Solicitors Office are barred from suit under § 1983, and this Defendant is entitled to summary dismissal from Plaintiff's case.

---

[2] The Plaintiff has previously brought a § 1983 action in this District Court involving two of the present Defendants and asserting nearly identical allegations as the instant action. *See Labon DeCarlo Gray v. Lancaster County Sheriff's Dept., et al.,* Case Action Number (C/A No.) 3:08-2543-HFF-JRM (SCDC), which was dismissed without prejudice on September 29, 2008.

This Court takes judicial notice of C/A No. 3:08-2543-HFF-JRM . A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

Next, to state a false arrest claim, a plaintiff must allege an arrest made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) (a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant).[3] Plaintiff states that he was falsely jailed on June 17, 2008, and provides the corresponding arrest warrant numbers. However, as in his previous case alleging false arrest (C/A No. 08-2543), Plaintiff provides no facts to indicate that the arrest warrants were invalid. Because warrants, the validity of which are not challenged, were obtained for Plaintiff's arrest, any false arrest claim Plaintiff may be attempting to allege is subject to summary dismissal.

Plaintiff also claims that the Defendants are harassing and wrongfully prosecuting him. Plaintiff alleges the Defendants presented false documents at Plaintiff's preliminary hearing on September 10, 2008, and further states the Defendants brought "forth a falsly [sic] submitted Analyst Report." However, to the extent that Plaintiff's allegations could be construed as a malicious prosecution claim, they also fail. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim, seeking damages for imprisonment in violation of the constitution, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. A favorable

---

[3] The Supreme Court's decision in *Wallace v. Kato*, 127 S.Ct. 1091 (2007), dealing with the limitations period for false arrest claims, is inapplicable in the instant action. In *Wallace v. Kato*, a plaintiff had been detained without legal process. However, in the present case, Plaintiff provides warrant numbers corresponding to his arrest.

4

determination on the merits of the Plaintiff's claims in this § 1983 action would require a finding that his arrest and subsequent detention were invalid. As the Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his arrest and pending criminal charges, Plaintiff's malicious prosecution claim must be dismissed.

Finally, Plaintiff's complaint seeks dismissal of his state criminal arrest warrants. However, a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989)(federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding).

The Supreme Court, in *Younger v. Harris*, noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has stated the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In this case, Plaintiff indicates that he has had a preliminary hearing, however, his case has not yet been adjudicated. Thus, Plaintiff is clearly involved in an ongoing state criminal proceeding, satisfying the first prong of the Fourth Circuit's test. The second criteria, implication of an

5

important state interest, has been addressed by the Supreme Court, which stated: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Supreme Court also decided the third criteria by noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff will have sufficient opportunity, during state criminal proceedings, to raise any issues regarding his current prosecution. Therefore, Plaintiff is not entitled to the injunctive relief he seeks.

## **Recommendation**

Plaintiff's § 1983 complaint should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is recommended that the District Court dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process.

Joseph R. McCrorey
United States Magistrate Judge

January 9, 2009
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).