

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LABON DECARLO GRAY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:08-4097-HFF-JRM |
| | § | |
| RYAN MCLEMORE, LANCASTER | § | |
| COUNTY SHERIFFS DEPT., and | § | |
| SOLICITORS OFFICE, | § | |
| Defendants. | § | |

## ORDER

This case was docketed as a 28 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the action be dismissed for failure to state a claim upon which relief can be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 9, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on January 21, 2009.

As explained by the Magistrate Judge, the allegations in this case arise out of the same facts as those asserted by Plaintiff in a § 1983 suit decided by the Court in late September 2008.[*] In that case, this Court made clear that it lacks the ability to enjoin or interfere with pending state proceedings except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). One of those extraordinary circumstances cited by the Court was *Dombrowski v. Pfister*, 380 U.S. 479 (1965), in which the Court enjoined state proceedings where it was clear that those proceedings were brought solely for purposes of harassment. Throughout his complaint and in his objections, Plaintiff insists that he is a victim of a malicious prosecution. Thus, he is attempting to demonstrate that his case involves one of those extraordinary circumstances in which the Court can enjoin a state court prosecution.

However, Plaintiff still fails to bring his claim under *Dombrowski* because he has failed to show that he is being prosecuted solely for the purpose of harassment. *Dombrowski* involved a group of civil rights workers lobbying for greater rights for African Americans. *Id.* at 482. Apparently, Louisiana officials were threatening to prosecute those civil rights workers under Louisiana's Subversive Activities and Communist Control Law. *Id.* Under those circumstances, the Court held that injunctive relief was appropriate. *Id.* at 489-90. In comparison, the circumstances surrounding Plaintiff's pending prosecution are much different. Based upon his own admissions in his first lawsuit, Plaintiff was initially arrested for failing to pay child support and for

---

[*]Federal courts may take judicial notice of prior proceedings in the same court and other courts of record. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

driving with a suspended license. During his arrest, narcotics were allegedly found on or near Plaintiff, though Plaintiff disputes ownership and control of the drugs. At a minimum, prosecution for such actions does not warrant court intervention under *Dombrowski*.

Next, Plaintiff objects to the Magistrate Judge's conclusion that Defendant Solicitor's Office is immune from suit for actions related to their prosecutorial functions. In support of his position, he cites *Moore v. Department of Corrections*, 61 Fed. Appx. 909 (4th Cir. 2003). However, in that case, the Fourth Circuit summarily affirmed the district court's dismissal of the Plaintiff's § 1983 claim. Thus, this case does not support Plaintiff's position, and his argument is without merit.

Plaintiff next challenges the Magistrate Judge's failure to hear his false arrest claims. Specifically, he challenges the legality of the arrest warrants, apparently on the grounds that he does not know the signatory of the warrants. As explained in the Report, such challenges to the warrants can and should be made in Plaintiff's state proceedings. Not only will the state court be better positioned to hear Plaintiff's arguments, but principles of deference and the *Younger* doctrine require dismissal of this action.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the action be **DISMISSED** *without prejudice* and without issuance and service of process for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Signed this 2nd day of February, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.